UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | CHAPTER 13 CASE |
| Joseph A Hallbeck<br>Nancy A Hallbeck | CASE NO. 09-46448 |
| Debtor(s). | NOTICE OF HEARING AND MOTION FOR RELIEF FROM STAY |

TO: Debtor and other entities specified in Local Rule 9013-3(a).

1. Mortgage Electronic Registration Systems, Inc. its successors and/or assigns through its servicing agent US Bank N.A., (hereinafter "Movant"), by its undersigned attorney moves the Court for the relief requested below and gives notice of hearing herewith.

2. The Court will hold a hearing on this motion on March 04, 2010, at 2:30 PM, or as soon thereafter as counsel can be heard, before the Honorable Chief Judge Nancy C. Dreher in Courtroom 7W of the above entitled Court located at 300 S 4th St, Minneapolis Minnesota, 55415-2255.

3. Any response to this motion must be filed and served by delivery not later than February 26, 2010, which is five days before the time set for the hearing (including Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this case was filed on September 25, 2009. The case is now pending in this Court.

5. This motion arises under 11 U.S.C. § 362 and Federal Rule of Bankruptcy Procedure 4001. This motion is filed under Federal Rule of Bankruptcy Procedure 9014 and Local Rules 9013-1 - 9019-1. Movant requests relief from the automatic stay with respect to property subject to a lien. Movant requests said relief be effective immediately notwithstanding Federal Rule of Bankruptcy Procedure 4001(a)(3).

6. Debtor is indebted to Movant in the original principal amount of $192500.00, as evidenced by that certain Promissory Note dated August 01, 2006, a copy of which is attached hereto as Exhibit "A", together with interest thereon.

7. Debtor's indebtedness is secured by a mortgage on real estate in which Debtor has an interest as evidenced by that certain mortgage deed dated August 01, 2006, executed by Joseph A Hallbeck and Nancy A Hallbeck husband and wife , a copy of which is attached hereto as Exhibit "B". The name and address of the original creditor is contained in the attached Exhibit "B". The property is located in Anoka County, Minnesota and is legally described as follows to wit:

Lots 5 & 6 Block Eleven in Highland Park Addition to Anoka Anoka County Minnesota

Movant is now the holder of said mortgage and is entitled to enforce the terms thereof.

8. At all times material, Debtor was in default of the payments and performance of obligations to Movant.

9. Pursuant to 11 U.S.C. § 362(g) the burden is on Debtor to prove absence of cause and/or adequate protection. This Movant's interest in the property is not adequately protected where, as of February 17, 2010, Debtor is delinquent for monthly payments as required for the months of December 2009 to February 2010 in the amount of $1468.95 per month; accruing monthly late charges of $0.00; and attorney's fees and costs of $700.00. Debtor has failed to make any offer of adequate protection.

10. Debtor has no equity in the property and the property is not necessary to an effective reorganization. The value of the property as scheduled by Debtor is $128,060.00, subject to Movant's mortgage in excess of $196,549.95. The property is also subject to a second mortgage in favor of Wells Fargo Bank in excess of $25,151.00.

11. Movant desires to protect its interest in the aforementioned property and requests the Court to vacate the stay of actions and allow foreclosure pursuant to Minnesota law.

12. Movant has incurred and will incur legal fees and costs to protect and enforce its

rights in the subject property.

WHEREFORE, Movant, by its undersigned attorney, moves the Court for an order for judgment that the automatic stay provided by 11 U.S.C. § 362(a) be terminated so to permit the Movant to commence mortgage foreclosure proceedings under Minnesota law and for such other relief as may be just and equitable.


Dated: February 17, 2010

**WILFORD & GESKE, P.A.**

/e/ James A. Geske_____
James A. Geske, #14969X
Attorneys for Movant
8425 Seasons Parkway, Suite 105
Woodbury, MN 55125-4393
(651) 209-3300

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                         CHAPTER 13 CASE

Joseph A Hallbeck                              CASE NO. 09-46448
Nancy A Hallbeck

                                               MEMORANDUM IN SUPPORT OF
              Debtor(s).                       MOTION FOR RELIEF FROM STAY

_____

ARGUMENT

I. CAUSE EXISTS FOR THE GRANTING OF RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) WHERE THE INTEREST OF THIS MOVANT IS NOT ADEQUATELY PROTECTED.

Pursuant to 11 U.S.C. § 362(g) the burden is on Debtor to prove absence of cause and/or adequate protection. Movant's interest in the property is not adequately protected where:

1. As of February 17, 2010, Debtor is delinquent for monthly payments as required for the months of December 2009 to February 2010 in the amount of $1468.95 per month accruing monthly late charges; and attorney's fees and costs of $700.00.

2. Debtor has failed to make any offer of adequate protection.

Furthermore, Debtor has failed to meet its contractual obligations to make payments as they become due after the filing of the bankruptcy petition, which failure constitutes "cause" entitling the Movant to relief from the automatic stay under 11 U.S.C. § 362(d)(1). A continued failure by Debtor to maintain regular payments to Movant is sufficient cause to entitle Movant to relief from the automatic stay. See In re Taylor, 151 B.R. 646 (E.D.N.Y., 1993) and In re Davis, 64 B.R. 358 (Bkrtcy. S.D.N.Y., 1986).

II. THE AUTOMATIC STAY SHOULD BE MODIFIED PURSUANT TO 11 U.S.C. § 362(d)(2) WHERE (1) DEBTOR DOES NOT HAVE ANY EQUITY IN THE PROPERTY, AND (2) THE PROPERTY IS NOT NECESSARY TO AN EFFECTIVE REORGANIZATION.

The first requirement under § 362(d)(2) is met where the total of all the encumbrances against the property is in excess of the value of the property. The value of the property as

scheduled by Debtor is $128,060.00, subject to Movant's mortgage in excess of $196,549.95. The property is also subject to a second mortgage in favor of Wells Fargo Bank in excess of $25,151.00.

III.	CAUSE EXISTS FOR THE GRANTING OF RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 1301(c) WHERE THE INTEREST OF THIS MOVANT WOULD BE IRREPARABLY HARMED BY CONTINUATION OF SUCH STAY.

CONCLUSION

Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause, and where its interest in the secured property is not adequately protected. Movant is also entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) where Debtor has no equity in the property, and where the property is not necessary to an effective reorganization.

Movant respectfully requests an order of this Court modifying the automatic stay consistent with the attached proposed Order.

Dated: February 17, 2010

**WILFORD & GESKE, P.A.**

/e/ James A. Geske
James A. Geske, #14969X
Attorneys for Movant
8425 Seasons Parkway, Suite 105
Woodbury, MN 55125-4393
(651) 209-3300

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                              CHAPTER 13 CASE

Joseph A Hallbeck                                   CASE NO. 09-46448
Nancy A Hallbeck
                                                    UNSWORN DECLARATION FOR PROOF
                   Debtor(s).                       OF SERVICE
_____

     Melissa Roue-Chambers, employed by Wilford & Geske, P.A., attorneys licensed to practice law in this Court, with office address at 8425 Seasons Parkway, Suite 105, Woodbury, MN 55125-4393, declares that on February 17, 2010, I served the annexed Notice of Hearing and Motion for Relief from Stay, Memorandum in Support of Motion for Relief from Stay, Affidavit, and proposed Order to each person referenced below, a copy thereof by enclosing the same in an envelope with first class postage prepaid and depositing same in the post office at Woodbury, Minnesota addressed to each of them as follows:

Joseph A Hallbeck
Nancy A Hallbeck
2810 Fairoak Ave
Anoka, MN 55303-1527

Wells Fargo Bank
PO Box 54780
LA, CA 90054-0780

and delivered by e mail notification under CM/ECF on the day efiled with the Court to each of them as follows:

Robert   J. Hoglund

Ms Jasmine Z. Keller

U.S. Trustee

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: February 17, 2010

                                                /e/ Melissa Roue-Chambers
                                                Melissa Roue-Chambers

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                          CHAPTER 13 CASE

Joseph A Hallbeck                       CASE NO. 09-46448
Nancy A Hallbeck
                                         ORDER
                Debtor(s).
_____

        The above entitled matter came before the court on the motion of Mortgage Electronic Registration Systems, Inc. its successors and/or assigns through its servicing agent US Bank N.A. (hereinafter "Movant"), seeking relief from the stay of actions imposed by 11 U.S.C. § 362. Based upon all of the files and records,

IT IS HEREBY ORDERED:

        1.        That Movant, its assignees and/or successors in interest, is granted relief from the stay of actions imposed by 11 U.S.C. § 362 with regard to that certain mortgage deed dated August 01, 2006, executed by Joseph A Hallbeck and Nancy A Hallbeck husband and wife covering real estate located in Anoka County, Minnesota, legally described as follows, to wit:

        Lots 5 & 6 Block Eleven in Highland Park Addition to Anoka Anoka County Minnesota
        And commonly known as 2810 Fairoak Avenue, Anoka, Minnesota 55303-1527

and may pursue its remedies under state law in connection with the subject note and mortgage deed.

        2.        That notwithstanding Federal Rules of Bankruptcy Procedure 4001(a)(3), this Order is effective immediately.

Dated:_____                                _____
                                                                                        Judge of Bankruptcy Court